UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH[1], Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>USPACK LOGISTICS, LLC and FRANK POWELL,<br><br>Defendants. | CIVIL ACTION<br>No. 4:20-cv-40009-TSH |

**ORDER ON NON-PARTY DRIVERS'
MOTION TO QUASH DEFENDANTS' SUBPOENAS**

November 3, 2021

Hennessy, M.J.

A brief background of the circumstances giving rise to this discovery dispute is laid out in the Court's Order Setting Hearing on Non-Party Drivers Motion to Quash Defendants' Subpoenas [Dkt. No. 53]. In essence, Defendants served third-party subpoenas for documents on 62 couriers ("Drivers") who are within the scope of the Secretary's FLSA allegations, and 13 Drivers have moved to quash the subpoena directed to him or her. The Court held a hearing on this matter on November 2, 2021, and the matter is now ripe for adjudication. [Dkt. No. 55].

The Court is cognizant that the Drivers contesting Defendants' subpoenas are not parties to this suit, that the Drivers are likely low-wage earners with few resources, and therefore that discovery must be supported by necessity. The Court further notes that it seems counterintuitive

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Labor Martin J. Walsh has been substituted for former Secretary of Labor Eugene Scalia as the plaintiff in this action.

to subject the Drivers to discovery obligations in a suit alleging that their former employer, Defendants, failed to maintain proper records. That said, the Court finds that discovery relevant to whether the former Drivers were economically dependent on Defendants is integral to the merits of this case under the "economic realities" test, and hence that some discovery Defendants seek is appropriate.

Having considered the submissions, the arguments of counsel, and the case law raised at the November 2, 2021 hearing, and having considered the Defendants' need for the discovery sought against the availability of such discovery from other sources, and the burden production would impose on the Drivers, see Gill v. Gulfstream Park Racing Association, 399 F.3d 391, 400 (1st Cir. 2005), it is hereby ORDERED that the Drivers' Motion to Quash the subpoenas served on them is GRANTED, subject to the following:

Given the relatively limited number of Drivers subpoenaed by Defendants [see Dkt. No. 24, Amended Exhibit A, identifying 62 Drivers] and the fact that Defendants are entitled to discovery relevant to their defense, the Court finds that Defendants may issue new subpoenas seeking all federal tax schedules or filings for the calendar years 2017 and 2018 which reflect income from and/or business expenses for any courier services provided by a Driver.

Each Driver may respond to the subpoena in one of two ways. First, the Driver can produce the responsive tax documents pursuant to the subpoena. Alternatively, and in lieu of production, each Driver may opt to have the Secretary of Labor obtain those same tax documents directly from the IRS, and the Secretary will then produce those documents to the Defendants. The Court notes that insofar as any of the non-moving Drivers have not complied with or responded to Defendants' subpoenas, they are invited to choose from the same two options provided to the 13 Drivers who moved to quash Defendants' subpoenas.

Plaintiff Secretary of Labor is hereby ORDERED to draft a waiver for the Drivers to sign that would authorize the Secretary to gather the Drivers' responsive tax documents from the IRS. The Secretary and Defendants shall confer and cooperate to ensure that each subpoenaed Driver is aware of his or her two options for responding to the subpoena.

Lastly, all parties to the Motion to Quash—Drivers, Defendants and Plaintiff—are to jointly submit a proposed protective order that sufficiently protects the heightened privacy interests of tax documents, notwithstanding and in addition to the protections already afforded the Drivers pursuant to a Protective Order previously issued by the Court. [Dkt. Nos. 42 and 43]. The parties are ORDERED to file this additional protective order by November 10, 2021.

Except as noted above, the Non-Party Drivers Motion to Quash Defendants' Subpoenas [Dkt. No. 44] is GRANTED.

**IT IS SO ORDERED**

                                                  */s/ David H. Hennessy*
                                                  David H. Hennessy
                                                  United States Magistrate Judge