UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH,[1] Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>USPACK LOGISTICS, LLC and FRANK POWELL,<br><br>Defendants. | No. 4:20-cv-40009-TSH |

**ORDER GRANTING IN PART AND
DENYING IN PART JOINT MOTION TO AMEND**

February 23, 2022

Hennessy, M.J.

On February 8, 2022, the Parties and non-party Drivers filed a Joint Motion to Amend this Court's November 3, 2021 Order granting non-party Drivers' motion to quash Defendants' subpoenas. [Dkt. No. 65 (moving to amend Dkt. No. 57)]. Judge Timothy S. Hillman referred the Motion to Amend to my Session on February 11, 2022. [Dkt. No. 67]. The Motion to Amend is granted only as to those Drivers that joined in the Motion. As to non-party drivers that did not join the Motion to Amend, the Court's November 3, 2021 Order remains in effect.

**I.   BACKGROUND**

In January 2020, the Secretary of Labor ("Secretary") initiated an enforcement action against Defendants USPack Logistics, LLC and Frank Powell ("Defendants"), alleging they

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Labor Martin J. Walsh has been substituted for former Secretary of Labor Eugene Scalia as the plaintiff in this action.

violated the Fair Labor Standards Act ("FLSA") by misclassifying courier drivers as independent contractors rather than employees. [Dkt. No. 1 (Amended Complaint at Dkt. No. 24)]. In May 2021, Defendants served subpoenas on 62 of their former courier drivers—who are not parties to this lawsuit—seeking various tax and non-tax documents. In July 2021, thirteen non-party Drivers ("Drivers") moved to quash those subpoenas. [Dkt. No. 44]. The Court issued an Order granting that motion to quash on November 3, 2021 (the "November 3 Order"). [Dkt. No. 57].

In its November 3 Order, the Court directed Defendants to reissue limited subpoenas to the Drivers to obtain "tax schedules or filings for the calendar years 2017 and 2018 which reflect income from and/or business expenses for any courier services provided by a Driver." [Id. at 2]. The Court instructed that each Driver may respond to Defendants' new subpoenas in "one of two ways"—by producing responsive tax documents to Defendants, or by "opt[ing] to have the Secretary of Labor obtain those same tax documents directly from the IRS, and the Secretary will then produce those documents to the Defendants." [Id.].

It is this November 3 Order that the Parties and Drivers now jointly move to amend.

## II.  MOTION TO AMEND

The Parties and Drivers state they have "conferred on various occasions regarding the aspects of the Order related to subpoena response methods," and jointly move the Court to amend the ways by which they can respond to Defendants' subpoenas. [Dkt. No. 65 at 2]. The Parties and Drivers ask the Court to permit the Drivers to respond in one of three ways: (1) by producing responsive tax documents to Defendants; (2) if represented by counsel, by producing responsive documents through counsel, or by giving their counsel authority to obtain responsive tax documents from the IRS using Form 8821 and then having counsel produce documents to Defendants; or (3) if not represented by counsel (or even those Driver represented by counsel), by

utilizing IRS Form 8821 to give authority directly to Defendants to obtain tax documents from the IRS. [Id. at 2–3].

The Parties and Drivers argue that amending this Court's November 3 Order "will ensure the most efficient production of the tax documents to Defendants." [Id. at 3]. Efficient discovery is undoubtedly vital to litigation, see Fed. R. Civ. P. 1, but the Court remains concerned that the documents Defendants seek are of a highly sensitive nature. Non-party drivers should not be required or even invited to indiscriminately turn over personal tax information to their former employer without the benefit of a screening mechanism.

That said, insofar as the Drivers who originally opposed Defendants' subpoenas have joined the Parties in moving this Court to amend its November 3 Order, the Court will grant the Motion to Amend—but only as to those Drivers who joined the Motion. As to all the non-party drivers that did not join this Motion to Amend, the November 3 Order remains in full force. This ensures that non-party drivers who did not participate in the amendment are not stripped of their privacy protections, while lessening the burden on the Secretary and advancing discovery.

### III. CONCLUSION

The Court GRANTS the Joint Motion to Amend, subject to the following:

(1) Any non-party driver may elect to produce responsive tax documents to Defendants, directly or through counsel. This option is available to all non-party drivers, whether they joined the Motion to Amend or not. If a non-party driver chooses this option, he or she must produce responsive documents to Defendants by March 17, 2022.

(2) Drivers that joined the Motion to Amend can opt to sign IRS Form 8821 to give Defendants the authority to collect responsive tax documents directly from the IRS. Those forms

shall be executed by the Drivers, and Defendants shall file the executed forms with the IRS by March 17, 2022.

(3)  Non-party drivers who did not join the Motion to Amend remain protected by this Court's November 3 Order. Such non-party drivers may opt to have the Secretary of Labor collect responsive tax documents from the IRS using Form 8821, and the Secretary will then produce responsive tax documents to Defendants. Non-party drivers choosing this option shall execute IRS Form 8821, and the Secretary shall file the executed forms with the IRS by March 17, 2022.

It is so ordered

                                             */s/ David H. Hennessy*
                                             David H. Hennessy
                                             United States Magistrate Judge